J-S28001-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEFFREY REESE STREAMER | : | |
| | : | |
| Appellant | : | No. 2983 EDA 2023 |

Appeal from the Judgment of Sentence Entered October 18, 2023
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0005572-2022

BEFORE: STABILE, J., MURRAY, J., and LANE, J.

DISSENTING MEMORANDUM BY MURRAY, J.: **FILED SEPTEMBER 25, 2024**

While the Majority provides a detailed merger analysis, I respectfully disagree with its conclusion that Appellant's simple assault conviction merged with his burglary conviction for sentencing purposes.

Relevantly, Appellant was convicted of simple assault and burglary. A person commits burglary if,

> with the intent to commit a crime therein, the person … enters a building or occupied structure, or separately secured or occupied portion thereof, that is adapted for overnight accommodations in which at the time of the offense any person is present **and the person** commits, **attempts or threatens to commit a bodily injury crime therein**.

18 Pa.C.S.A. § 3502(a)(1)(i) (emphasis added).

The Crimes Code defines the offense of simple assault, in relevant part, as follows:

(a) *Offense defined.* — Except as provided under section 2702 (relating to aggravated assault), a person is guilty of assault if he:

(1) **attempts to cause** or intentionally, knowingly or recklessly causes **bodily injury to another** ….

18 Pa.C.S.A. § 2701(a)(1) (emphasis added).

The Majority correctly observes that the Amended Information identified the burglary count against Appellant as follows:

With the intent to commit a crime therein, [**Appellant**] **did enter a building or occupied structure**, or sep[a]rately secured or occupied a portion thereof, that is adapted for overnight accommodations in which at the time of the offense any person is present **and the person** commits, **attempts or threatens to commit a bodily injury crime therein.**

Majority, slip op. at 3 (emphasis modified) (quoting Amended Information, 3/8/23). Crimes Code Section 3502 provides that "[a] person may not be sentenced both for burglary and for the offense which it was his intent to commit after the burglarious entry[,] or for an attempt to commit that offense, unless the additional offense constitutes a felony of the first or second degree." 18 Pa.C.S.A. § 3502(d).

The Majority reasons, "[b]ecause simple assault is a misdemeanor instead of a felony, section 3502(d) prohibits the court from sentencing the defendant for both burglary and simple assault when the defendant intended to commit a simple assault after his burglarious entry." Majority, slip op. at 7. Consequently, the Majority concludes that the trial court illegally sentenced Appellant for the burglary conviction "and for the misdemeanor of simple

assault that he intended to commit after his burglarious entry." *Id.*, slip op. at 8.

I disagree with the Majority's application of Section 3502(d) under the circumstances of this case. This Court has recognized,

[w]hen considering whether there is a single criminal act or multiple criminal acts, the question is not whether there was a break in the chain of criminal activity. This issue is whether the actor commits multiple criminal acts beyond that which is necessary to establish the bare elements of the additional crime, then the actor will be guilty of multiple crimes which do not merge for sentencing purposes.

*Commonwealth v. Pettersen*, 49 A.3d 903, 912 (Pa. Super. 2012) (internal citations and quotation marks omitted).

A review of the record discloses that Appellant entered the victim's residence "and attempt[ed] or threaten[ed] to commit a bodily injury crime therein." 18 Pa.C.S.A. § 3502(d). At trial, the victim testified that during the morning of September 1, 2022, she observed Appellant and his dog on her property. N.T., 3/8/23, at 14. At the time, the victim was working on her computer near her pool, virtually attending meetings. *Id.* Appellant departed from the property at 10:49 a.m. N.T., 3/9/23, at 32.

The victim subsequently entered her residence to continue her virtual meetings inside. *Id.* at 34. According to the victim, she changed clothes, putting on a blazer and scarf over her running shirt and shorts. *Id.* The victim then proceeded to the "garden room" to prepare for her meetings. *Id.* at 35. She described what next transpired:

Halfway through the preparation for the call[, Appellant] opened the garden door and started to come towards me. I looked at the moment the door opened, I looked up and I saw it was [Appellant]. And then I said Oh, shoot, I've got a call, … I didn't have any time to deal with whatever he was coming to ask me.

…[A]nd I looked down and I looked up, and he was already coming toward me. … And I stood up because he was coming toward me … at an accelerated pace.

… I started to say What do you want?

**And he grabbed my arm**. **He grabbed my left arm on the -- on the upper portion with a force that I could feel his -- him penetrating my shoulder** and [Appellant] said, "Let's do this." And I immediately knew that I was under attack. **I immediately knew that he was about to assault me.**

*Id.* at 35 (emphasis added). At the time Appellant grabbed the victim's arm, Appellant had entered the victim's residence "and attempt[ed] or threaten[ed] to commit a bodily injury crime therein." 18 Pa.C.S.A. § 3502(d). Even if Appellant had intended to commit only a simple assault, the crime of burglary was complete upon grabbing the victim.

Nevertheless, the record discloses that Appellant again attempted to cause bodily injury to the victim (simple assault). *See* 18 Pa.C.S.A. § 2701(a)(1). The victim testified that, after Appellant grabbed her arm she "used both hands and I shoved him with force, all the force I could muster."

*Id.* at 36. The victim described what next transpired:

I saw [Appellant] reach behind his back and put his hand up. I saw an instrument in his hand. I do not know what it was. I would not look at it. I kept my eyes on his eyes.

**But the moment I saw his hand up with an instrument of some type, a tool of some type, I said to myself** [h]e is

- 4 -

> **going to hit me with this tool, try and knock me
> unconscious** and that -- I was quickly deducing the situation and
> [planning to] escape while I was assessing the situation at the
> same time.
>
> I visualized that he was going to attack me with the tool, that he
> was going to rape me, and that I was not going to leave that
> property alive.

*Id.* at 38 (emphasis added).

> The victim circled around a table, stating, "You don't want to do this."

*Id.* at 40. The victim testified,

> every time I moved, he moved. So we are jockeying around the
> circ[ular] table. And at one – after doing that for a while with
> [Appellant's] throwing of the things, **then he shoved this
> wrought iron table toward me** … that I did not anticipate.
>
> … The moment the table came over, I was bolting. I was bolting
> out. I knew my exit was going to be the first door in the living
> room because that was the only other door that I kept open in the
> house.

*Id.* at 41 (emphasis added). The victim explained she

> went out of the [garden] room into the living room, opened the
> door and started going toward the pool. … I bolted … up the stairs,
> [and] stopped at the top of the stairs for a brief second to see if
> [Appellant] was following me. That's the first time I turned
> around. **And he was already coming out of the door with
> full speed toward me.**
>
> And then I went into a sprint. …..
>
> ….
>
> I turned around, saw him by the pool. I turned around at the top
> of the stairs. I saw him coming after me. I immediately turned
> around, went into a sprint….
>
> I wasn't going to waste a second in opening the gate. I leaped
> over the pool fence….

*Id.* at 42 (emphasis added). The victim testified she cut her foot after leaving the house, while fleeing Appellant. *Id.* at 54.

Contrary to the Majority's analysis, after Appellant completed the crime of burglary, he committed another simple assault upon the victim. Appellant attempted to cause the victim bodily injury several times. While one simple assault may merge for sentencing purposes, an appellant "is not entitled to a volume discount for [] crimes simply because he managed to accomplish all the acts within a relatively short period of time." *Pettersen*, 49 A.3d at 912. For this reason, I would affirm the trial court's judgment of sentence, which imposed separate sentences for burglary and simple assault.